IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAY L. SELLERS,

      Plaintiff,

  vs.                                No. CIV S-09-0662 GEB GGH PS

KJ MUELLER,

      Defendant.             <u>ORDER AND FINDINGS AND</u>

                                              <u>RECOMMENDATIONS</u>

_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

Plaintiff alleges that in a previous action, someone posing as Judge Mueller dismissed his perfectly valid civil rights complaint.[1] Plaintiff seeks monetary damages and requests that this case be transferred to another circuit that is not corrupt.

The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 87 S. Ct. 1213 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7, 98 S. Ct. 1099, 1105 (1978), quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872). The two-part test of

---

[1] Plaintiff also claims that the undersigned "penalized plaintiff for being a bother based in part on defendant's action;" however, plaintiff has not named the undersigned as a defendant. Compl. at 2.

Stump v. Sparkman determines the broad scope of judicial immunity:

> [T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity.

Id. at 361.

Plaintiff complains of actions taken by a judge in the performance of her normal functions and in her judicial capacity. "A judge is generally immune from a civil action for damages." Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir.1996). The immunity extends as well to actions for declaratory, injunctive and other equitable relief. Id. Only two exceptions apply – if the judge is acting clearly without jurisdiction or if the judge is not performing a judicial act. Id. Judicial acts are those in which a judge is "perform[ing] the function of resolving disputes between parties, or of authoritatively adjudicating private rights." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435-436, 113 S. Ct. 2167, 2171 (1993) (citation and internal quotation marks omitted). Rulings during trial, hearings, and in response to pleadings constitute judicial acts. See Sheppard v. Maxwell, 384 U.S. 333, 358, 86 S. Ct. 1507, 1520 (1966) (a judge acts in a judicial capacity when exercising control of the judge's courtroom); Barrett v. Harrington, 130 F.3d 246, 254-59 (6th Cir.(Tenn.) 1997) (collecting cases and finding letter to prosecutors a judicial act). Because the actions complained of were performed by Judge Mueller in her judicial capacity, this action should be dismissed.

Good cause appearing, IT IS ORDERED that plaintiff's request for leave to proceed in forma pauperis is granted.

IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the Honorable District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, plaintiff may file written objections

with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH:076
Sellers0662.fr.wpd